PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 87]

Name of Offender: <u>Glenn Osborne Humphrey</u>　　　Case Number: <u>3:09-00184</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>January 13, 2012</u>

Original Offense: <u>18 U.S.C. §§ 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>33 months' custody followed by three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>　　　Date Supervision Commenced: <u>September 28, 2012</u>

Assistant U.S. Attorney: <u>Scarlett M. Singleton</u>　　Defense Attorney: <u>Isaiah S. Gant</u>

---

### PETITIONING THE COURT

　　<u>X</u>　　To Consider Additional Violation/Information.
　　___　　To issue a Summons.
　　___　　To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

　　　　　　　　　　　　　　　　　　　　　　　　I declare under penalty of perjury
　　　　　　　　　　　　　　　　　　　　　　　　that the foregoing is true and correct.
　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Considered this _2nd_ day of _July_, 2014,
and made a part of the records in the above case.

　　　　　　　　　　　　　　　　　　　　　　　　Kimberly Haney
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Probation Officer

_____　　　　　　　Place　　　Nashville, TN
William J. Haynes, Jr.
Chief U. S. District Judge　　　　　　　　　　　Date　　　July 1, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>87</u> has been amended as follows:

> **The Sentencing Recommendation Page has been amended to reflect a change in the grade of the violation (Grade C) and the Guideline Policy Statement has been amended to reflect the applicable language for a Grade C violation.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

<u>1.</u>          **The defendant shall not commit another federal, state, or local crime.**

On April 24, 2013, warrants were issued for Mr. Humphrey by the Metropolitan Nashville Police Department for Domestic Assault, a class A misdemeanor, and Theft of Property $500 or Less, a class A misdemeanor, in Nashville, Davidson County, Tennessee. He was arrested on these warrants on October 20, 2013. **Both charges were dismissed on October 24, 2013.**

According to the affidavit of complaint, on April 24, 2013, a police officer with the Metropolitan Nashville Police Department responded to a domestic disturbance between Mr. Humphrey and Keonia Harris, at 708 Enloe Street. Ms. Harris stated that she is in a relationship with Mr. Humphrey and that he is the father of her two youngest children. Ms. Harris told the police officer that during the alleged assault, Mr. Humphrey took her cellular phone without her consent and left the area with it. The police officer is prosecuting on Ms. Harris' behalf due to the domestic nature of the alleged crime.

On April 25, 2013, the probation officer received a telephone call from a police officer with Metropolitan Nashville Police Department. The officer advised that Mr. Humphrey had two active warrants for Domestic Assault and Theft of Property. Allegedly, Mr. Humphrey assaulted his girlfriend on April 24, 2013, and he stole her cellular phone when he left the premises. The officer stated he attempted to serve the warrants on Mr. Humphrey at his brother's residence and Mr. Humphrey's girlfriend's residence, but he was not located at either address. The police officer related he will next attempt to serve the warrants on Mr. Humphrey at his parents' residence or employer. The probation officer last had contact with Mr. Humphrey on April 23, 2013, when he reported to the probation office for a drug test. No problems were noted at that time.

The probation officer contacted the alleged victim, Keonia Harris. Ms. Harris stated Mr. Humphrey obtained a cash advance loan and used her desktop computer as collateral. She was unaware of the transaction. While in her vehicle, she pulled down the sun visor and the

loan documents fell down. Upon arrival at her residence, she asked Mr. Humphrey about the loan and her computer. Ms. Harris stated that he got upset and said something about an X-box. Their children were in the living room watching television, so she tried to avoid any further confrontation. Mr. Humphrey went outside, and when she tried to close the door, he pushed back in and knocked her down. While Ms. Harris was on the floor, Mr. Humphrey kicked her and punched her in the face over 50 times. He went to her bedroom to take her flat screen television, but when she tried to stop him, he dropped the television and it hit their son. The couple have two children together.

This officer asked Ms. Harris if she went to the hospital for her injuries. She stated that her mother is a nurse, and she came to her house to clean her face and bandage her wrist. Ms. Harris related the police officers have pictures of her injuries, and they filed the police report on her behalf. Ms. Harris does plan to pursue the charges. She said Mr. Humphrey's behavior is out of character, and she does not believe he is using drugs.

2. **The defendant shall not commit another federal, state, or local crime.**

On or about October 20, 2013, Mr. Humphrey was arrested for Assault, Aggravated - Strangulation, a class C felony, Evading Arrest, a class A misdemeanor; and License - Display or Possession of Revoked, Suspended, or Altered Driver's License in Nashville, Davidson County, Tennessee. **On October 24, 2013, Mr. Humphrey was found guilty of Domestic Assault and Evading Arrest. He was sentenced to 11 months, 29 days' custody for the Domestic Assault, and he was sentenced to six months' custody for Evading Arrest. The Possession of a Revoked License charge was dismissed.**

According to the affidavit of complaint, the police were called to a domestic disturbance at 1083 Capitol Point. Upon arrival, Mr. Humphrey was pointed out. Mr. Humphrey was told to "stop" and "come here," at which time he continued to walk. The police officer told Mr. Humphrey to stop again, and he said, "It ain't me." Mr. Humphrey then fled on foot. Mr. Humphrey was taken into custody after a brief foot chase. He then stated, "You'll see why I ran." Mr. Humphrey was found to have three outstanding warrants, two local, and one federal probation warrant.

Mr. Humphrey and Tasha Hodge, the victim, were in a previous relationship and live together. Upon speaking with Ms. Hodge, she stated that she was choked by Mr. Humphrey and that she was not able to breathe while being choked. Ms. Hodge stated that she came home from church, changed clothes, and they started arguing over going to Mr. Humphrey's mother's house. Ms. Hodge advised Mr. Humphrey grabbed her by the neck and choked her. Mr. Humphrey's account of the incident was that he was ironing when Ms. Hodge arrived home. He asked Ms. Hodge if she had gas in the truck. She said, "Yes, I'll take you to get your plate." They started to argue and Mr. Humphrey stated that he would just leave. He denied putting his hands on the victim.

Mr. Humphrey was in possession of a suspended Tennessee driver's license which belonged to him. He never turned over the suspended driver's license to the State of Tennessee. The license was seized and turned into the State of Tennessee.

3.  **The defendant shall report to the probation officer as instructed.**

    Mr. Humphrey failed to report to the probation officer for the months of May through October 2013.

    Mr. Humphrey last reported to the probation office in April 2013. He was aware that state warrants had been issued for new criminal conduct. The probation officer attempted to contact Mr. Humphrey on May 13, 2013, but his number was not accepting incoming calls. The probation officer has been unable to contact Mr. Humphrey since that time. Mr. Humphrey has failed to submit his monthly supervision reports during the months of May through October 2013.

4.  **The defendant failed to report for drug testing as instructed.**

    On May 13, 2013, Mr. Humphrey failed to report for a drug test, as instructed, as part of the random drug screen testing program.

    Per the conditions of supervised release, Mr. Humphrey is ordered to participate in a program of drug testing. As a result, he is enrolled in a random drug screen testing program at the probation office. On May 13, 2013, Mr. Humphrey failed to report to the probation office for a drug screen. He was not able to be contacted and his whereabouts were unknown.

## Compliance with Supervision Conditions and Prior Interventions:

Glenn Osborne Humphrey began his term of supervised release on September 28, 2012. His term of supervision is scheduled to expire on September 27, 2015. Mr. Humphrey was previously employed at Triple Thread as a screen printer. He had been employed since October 16, 2012.

Mr. Humphrey was seen for an intake assessment on October 25, 2012, at Centerstone Mental Health. As indicated in the assessment, factors that may be helpful in achieving a positive treatment outcome included increased education and insight concerning substance use history, improved anger management skills, enhancing coping skills, and improved decision-making skills. The treatment provider recommended that Mr. Humphrey participate in individual substance abuse counseling, twice per month, for a minimum of six months, in order to help him achieve those clinical goals. According to the monthly treatment reports, Mr. Humphrey actively participated in treatment. He completed treatment in March 2013. The treatment provider assessed that he met his therapeutic goals. Mr. Humphrey has not tested positive for any illegal drugs while on supervision.

Prior to the above reported incident on April 24, 2013, Mr. Humphrey and Ms. Harris also had an argument in November 2012, and the police were called. No charges were filed, and Mr. Humphrey left Ms. Harris' residence. This officer instructed him to reside with his parents to avoid any future problems. Ms. Harris indicated she asked Mr. Humphrey to move out of her home in January 2013 or February 2013, and she ended the relationship. Ms. Harris thinks Mr. Humphrey is upset because she will not allow him to reside with her, and the relationship is over.

On October 20, 2013, the probation officer received notification via e-mail from Metropolitan Nashville Police Department that Mr. Humphrey had been arrested for the aforementioned charges. The probation officer has not had contact with Mr. Humphrey since April 23, 2013.

**As previously noted, Mr. Humphrey was found guilty of Domestic Assault and Evading Arrest on October 24, 2013. He was sentenced to 11 months, 29 days' custody for the Domestic Assault, and he was sentenced to six months' custody for Evading Arrest. All other charges were dismissed. Mr. Humphrey was released from custody at the Davidson County Sheriff's Office and arrested on the the federal warrant on June 18, 2014.**

## Update of Offender Characteristics:
On June 18, 2014, Mr. Humphrey was brought in by the U.S. Marshals' Service and had an initial appearance before U.S. Magistrate Judge Bryant. His preliminary and detention hearing is scheduled for June 23, 2014.

## U.S. Probation Officer Recommendation:
It is respectfully requested that this additional information be considered at a revocation hearing to be held before Your Honor. The new violations have been discussed with Assistant U.S. Attorney Scarlett M. Singleton who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. GLENN OSBORNE HUMPHREY, CASE NO. 3:09-00184

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4 | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Glenn Osborne Humphrey

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00184-1

3. **District/Office** Middle District of Tennessee at Nashville

4. **Original Sentence Date** 01 / 13 / 12
                               month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Domestic Assault & Theft of Property $500 or Less on April 24, 2013 | C |
| Aggravated Assault - Strangulation; Evading Arrest; and License Rev/Sus | C |
| Failure to report as instructed | C |
| Failure to report for drug testing | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — VI

10. **Range of Imprisonment** *(see §7B1.4(a))* — 8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____       Community Confinement _____

    Fine($)        _____       Home Detention           _____

    Other          _____       Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant's Address:**

Glenn Osborne Humphrey
U.S. Marshals
c/o Robertson County Jail
507 S. Brown Street
Springfield, Tennessee 37172